John D. Bennett, S.
This is an application by the widow of the decedent for letters of administration, consented to by the three children of the decedent, all adult daughters.
The affidavit of the attorney for the petitioner states that the applicant is able to act as administratrix and can read and write, but that she has affixed an “ X ” as her signature on the petition because she is blind.
Section 95 of the Surrogate’s Court Act provides that the Surrogate may, in his discretion, refuse to grant letters to a person unable to read and write the English language. Obviously the petitioner cannot read unless in Braille or similar type which, unfortunately for her, is not required for legal docu *981 ments or business correspondence which she must necessarily pass upon if she is made a fiduciary in the estate.
It is the custom of this court, when exercising its discretion under section 95 of the Surrogate’s Court Act, to interview the petitioner in chambers. However, this is dispensed with in this case because the petitioner, in addition to her blindness, has a severe leg condition which makes it difficult for her to travel.
The estate here is small, but it includes a one-family house not occupied by the distributees. The administratrix would have the burden of caring for this piece of real estate, and perhaps of renting the same even though it passes directly to the distributees.
To grant letters of administration to the petitioner would place upon her a great responsibility and possible liability whereas, since she must obviously act through other persons, the actual control of any estate matter would be in the hands of an agent who would in no way be responsible to the court or under its control. It would be unfair to place this burden upon the petitioner especially when the court knows that to properly administer this estate she would probably be compelled to delegate her duties as such fiduciary, a delegation which the law does not permit.
All three daughters are of age and live on Long Island, one with the petitioner. They are apparently friendly as all have consented to their mother’s application. The court deems it best that one of these daughters apply for letters of administration, and relieve her mother of the burdens of such a fiduciary position. Such daughter could co-operate with her mother, and carry out her mother’s desires wherever possible, and still maintain the control and responsible direction which the law requires of an administrator,
In view of these factors, and in consideration of the blindness of the applicant, this court holds that the petitioner is unable to read and write English as required by section 95 of the Surrogate’s Court Act and in its discretion refuses to grant her application for letters of administration.
Submit decree in accordance herewith.